UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KATHLEEN MALONE,**

      **Plaintiff,**

v.     Case No. 6:22-cv-72-CEM-GJK

**FUREVER BULLY LOVE RESCUE, INC., TANISHA BRANCHICK, DEBORAH DARINO, and JENNIFER ADORNO,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2261(a). (Compl., Doc. 1, at 2).

As an initial matter, the Court presumes that the latter statutory authority was included in error because § 2261(a) does not provide a basis for jurisdiction; it addresses appointment of counsel in cases under 28 U.S.C. § 2254 "brought by

prisoners in State custody who are subject to a capital sentence," 28 U.S.C. § 2261(a), which has no apparent connection to this matter. Section 1331, on the other hand, is a jurisdictional statute, and it provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, the Complaint does not set forth any federal claims, and there is no other obvious basis for jurisdiction on the face of the Complaint.

Accordingly, it is **ORDERED** that **on or before January 27, 2022**, Plaintiff shall **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on January 13, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record